The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AEGEAN MARINE PETROLEUM S.A.,

                      Plaintiff,

v.

M/V KAVO PLATANOS, her tackle, boilers, apparel, furniture, engines, appurtenances, etc.,

                      Defendants *in rem*.

and

CANPOTEX SHIPPING SERVICES LTD., *et al.*,

                      Defendants and Garnishee.

No. 15-cv-00172-RAJ

VERIFIED ANSWER OF ING BANK N.V. TO COMPLAINT

COMES NOW ING Bank N.V. ("ING Bank" or the "Bank"), as security agent, as and for its answer to Plaintiff Aegean Marine Petroleum S.A.'s ("Plaintiff" or "Aegean") Complaint (the "Complaint"), and hereby responds, alleges and avers as follows:

1.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

VERIFIED ANSWER OF ING BANK N.V. TO
COMPLAINT - 1
Case No. 15-cv-00172-RAJ

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

51455629.1

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

3. Denies that knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint.

4. The allegations in paragraph 4 of the Complaint state conclusions of law which require no response. To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

5. The allegations in paragraph 5 of the Complaint state conclusions of law which require no response. To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6. The allegations in paragraph 6 of the Complaint state conclusions of law which require no response. To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7. In response to paragraph 7, ING Bank repeats and incorporates by reference, paragraphs 1 through 6 of this Answer, as if fully set forth herein.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

VERIFIED ANSWER OF ING BANK N.V. TO COMPLAINT - 2
Case No. 15-cv-00172-RAJ

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51455629.1

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 (4) of the Complaint.[1]

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 (5) of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 (6) of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 (7) of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 (8) of the Complaint.

16. The allegations in paragraph 16 (9) of the Complaint state conclusions of law which require no response. To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17. The allegations in paragraph 17 (10) of the Complaint state conclusions of law which require no response. To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

---

[1] The allegations in Plaintiff's Complaint are mis-numbered. The Complaint contains paragraphs "1 through 10" and then mis-numbers the remaining paragraphs as "4 through 20." For purposes of this Answer, ING Bank assumes that paragraphs "4 through 20" are numbered sequentially as paragraphs "11 through 28" and answers them accordingly. The number in parenthesis represents the number that appears in the complaint.

VERIFIED ANSWER OF ING BANK N.V. TO
COMPLAINT - 3
Case No. 15-cv-00172-RAJ

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51455629.1

18. The allegations in paragraph 18 (11) of the Complaint state conclusions of law which require no response. To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19. The allegations in paragraph 19 (12) of the Complaint state conclusions of law which require no response. To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20. In response to paragraph 20 (13), ING Bank repeats and incorporates by reference, paragraphs 1 through 19 of this Answer, as if fully set forth herein.

21. Denies that the Vessel's registered owner was Indy and her charterer was Canpotex, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21 (14) of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 (15) of the Complaint.

23. The allegations in paragraph 23 (16) of the Complaint state conclusions of law which require no response. To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint.

24. In response to paragraph 24 (17), ING Bank repeats and incorporates by reference, paragraphs 1 through 23 of this Answer, as if fully set forth herein.

VERIFIED ANSWER OF ING BANK N.V. TO
COMPLAINT - 4
Case No. 15-cv-00172-RAJ

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51455629.1

25. The allegations in paragraph 25 (18) of the Complaint state conclusions of law which require no response. To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint.

26. The allegations in paragraph 26 (19) of the Complaint state conclusions of law which require no response. To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint.

27. The allegations in paragraph 27 (20) of the Complaint state conclusions of law which require no response. To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint.

To the extent a response is necessary to the allegations in the "prayer" paragraph of the Complaint, including subparts, those allegations are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

28. The Complaint fails to state a claim against the Vessel or the substitute *res* upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

29. Plaintiff's claims are barred because Plaintiff does not have a valid maritime lien against the Vessel or the substitute *res*.

VERIFIED ANSWER OF ING BANK N.V. TO COMPLAINT - 5
Case No. 15-cv-00172-RAJ

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51455629.1

## THIRD AFFIRMATIVE DEFENSE

30. Plaintiff's claims are barred, in whole or in part, by unclean hands, laches, and/or estoppel.

## FOURTH AFFIRMATIVE DEFENSE

31. Plaintiff's damages are not fully recoverable due to its failure to mitigate its damages.

## FIFTH AFFIRMATIVE DEFENSE

32. Plaintiff has waived any alleged maritime lien it may have had.

## FIRST CROSS-CLAIM

### (against M/V Kavo Platanos, etc.)

1. ING Bank was and remains a foreign financial institution organized and existing under the laws of the Netherlands with its principal place of business in Amsterdam, the Netherlands, and brings this cross-claim against M/V KAVO PLATANOS, her tackle, boilers, apparel, furniture, engines, appurtenances, etc., and or the substitute *res* (the "Vessel").

2. OW Bunker & Trading A/S was an international provider of marine fuels that commenced in-court restructuring proceedings at the probate court in Alborg, Denmark in November 2014.

3. Certain other O.W. Bunker group entities have subsequently commenced insolvency proceedings in jurisdictions around the globe, including the District of Connecticut.

4. ING Bank acts as the Security Agent (the "Security Agent") under that certain USD 700,000,000 Multicurrency Revolving Borrowing Base Facilities Agreement, dated as of December 19, 2013 (the "Credit Agreement") and the related English Omnibus Security

VERIFIED ANSWER OF ING BANK N.V. TO
COMPLAINT - 6
Case No. 15-cv-00172-RAJ

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51455629.1

Agreement, dated as of December 19, 2013 (the "Security Agreement", and together with the Credit Agreement and all other agreements related to or ancillary thereto, the "Finance Documents"), each among ING Bank, O.W. Bunker USA Inc., and O.W. Bunker North America Inc. (together with O.W. Bunker Holding North America Inc., the "OW Bunker Debtors"), O.W. Bunker & Trading A/S, O.W. Bunkers (UK) Limited and certain of their affiliates.

5. Upon information and belief, Canpotex contracted with O.W. Bunkers (UK) Limited for the supply of bunkers to the Vessel.

6. The invoice, sent from O.W. Bunkers (UK) Limited to Canpotex, instructed that payment be made to ING Bank, and was made pursuant to the O.W. Bunker Group's General Terms and Conditions of Sale for Marine Bunkers (the "Terms and Conditions").

7. The Terms and Conditions set the terms of payment between O.W. Bunkers (UK) Ltd. (as "Seller") and Canpotex (as "Buyer") for the furnishing of necessaries to the Vessel.

8. Paragraph I.2 of the Terms and Conditions provides that "Payment shall be made in full, without any set off, counterclaim, deduction and/or discount free of bank charges to the bank account indicated by the Seller on the respective invoice(s)."

9. Paragraph I.5 of the Terms and Conditions also provides that, "Any delay in payment of the full sum due shall entitle the Seller to interest at the rate of 3 (three) percent per month (compounded monthly for each month [or part thereof] of non-payment) without prejudice to any rights or remedies available to the Seller."

10. Furthermore, paragraph I.7 provides: "All costs borne by the Seller in connection with the collection of overdue payments including those of the Seller's own legal and credit department and including but not limited to reasonable attorneys' fees whether made in or out of

VERIFIED ANSWER OF ING BANK N.V. TO
COMPLAINT - 7
Case No. 15-cv-00172-RAJ

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

51455629.1

court and in general all costs in connection with breach of any agreement by the Buyer including but not limited to reasonable attorneys' fees shall be for the sole account of the Buyer."

11. Finally, a maritime lien in favor of O.W. Bunkers (UK) Ltd. -- as Seller and the direct contract counterparty of the Vessel's authorized agent Canpotex on this fuel delivery -- arises by virtue of the parties' agreement under paragraph I.9 of the Terms and Conditions, which state: "Where bunkers are supplied to a Vessel in addition to any other security the Agreement is entered into and the Goods are supplied upon the faith and credit of the Vessel. It is agreed and acknowledged that the sale of bunkers to the Buyer and/or their acceptance on the Vessel create a maritime lien over the Vessel for the price of the Bunkers (and all interest and costs payable in respect thereof including but not limited to the reasonable attorney's fees)."

12. O.W. Bunkers (UK) Limited has, pursuant to the Finance Documents, assigned to ING Bank its interest in respect of all amounts owing by KAVO or its owner, Canpotex under its supply contract receivables, including unpaid invoices, totaling $466,650.00 plus interest on late payments pursuant to the Terms and Conditions (the "Disputed Funds").

13. This assignment includes its interest in respect of any maritime lien rights in connection with the supply of bunkers to the Vessel.

14. Canpotex owes and has not paid any O.W. Bunker entity the Disputed Funds.

15. The Disputed Funds are to be paid to ING Bank as assignee of the rights of O.W. Bunkers (UK) Limited, including as to the enforcement of its maritime lien, pursuant to the Finance Documents.

VERIFIED ANSWER OF ING BANK N.V. TO
COMPLAINT - 8
Case No. 15-cv-00172-RAJ

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51455629.1

16. Accordingly, ING Bank seeks to enforce the maritime lien, pursuant to Rule C of the Supplemental Admiralty Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions.

WHEREFORE, ING BANK prays as follows:

(1) that process in due form of law, according to the practice of this Honorable Court in cases of admiralty and maritime jurisdiction, issues against the Vessel and/or the substitute res, citing it to appear and answer under oath all, and singular, the matters alleged herein;

(2) that a warrant for the arrest of the Vessel be issued and that the Vessel be seized by the U.S. Marshal to be held as security against any judgment to be entered herein against the Vessel, engines, apparel, furniture, equipment, appurtenances, tackle, etc. in rem;

(3) that the Vessel, engines, apparel, furniture, equipment, appurtenances, tackle, etc., after her arrest be condemned and sold, free and clear of all liens and encumbrances, to satisfy the judgment;

(4) that ING Bank be awarded out of the proceeds of the said sale, judgment on its claim together with its attorney's fees, interest, costs and expenses incurred in this action;

(5) that Plaintiff's claims be dismissed with prejudice; and

(6) for such other and further relief as is just and proper.

## SECOND CROSS-CLAIM

**(Against Defendant Canpotex for the Disputed Funds)**

17. ING Bank repeats and realleges paragraphs 1 through 16, and its averments with respect to the allegations of the Complaint above, as if fully set forth herein.

18. Certain O.W. Bunker entities assigned to ING Bank all of their rights in respect of all amounts owing by Canpotex under its supply contracts, including the Disputed Funds.

VERIFIED ANSWER OF ING BANK N.V. TO
COMPLAINT - 9
Case No. 15-cv-00172-RAJ

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51455629.1

19. Canpotex owes and has not paid the Disputed Funds to O.W. Bunker (UK) Ltd.

20. Canpotex is obligated to pay the Disputed Funds to ING Bank as assignee of O.W. Bunker (UK) Ltd. pursuant to the Finance Documents.

WHEREFORE, ING BANK requests that the Court enter an order finding:

(iv) that ING Bank be awarded judgment on its second cross-claim, its attorney's fees, interest, costs, and expenses incurred in this action; and

(v) for such other and further relief as is just and proper.

## RESERVATION OF RIGHTS

21. ING Bank reserves the right to assert additional counter or cross-claims or defenses, as necessary, against the parties to this action, including but not limited to, claims or defenses it has regarding its status as senior secured creditor in respect of customer supply receiveables owing to the applicable O.W. Bunker entities. Such claims and defenses are neither necessary nor required to be asserted herein at this stage of the proceedings.

DATED this 2nd day of July, 2015.

*s/ Steven W. Block*
Steven W. Block, WSBA No. 24299
FOSTER PEPPER PLLC
1111 Third Avenue, Suite 3400
Seattle, Washington 98101-3299
Telephone: (206) 447-4400
Facsimile: (206) 447-9700
Email: sblock@foster.com
Attorneys for Non-Party
ING Bank, N.V.

VERIFIED ANSWER OF ING BANK N.V. TO COMPLAINT - 10
Case No. 15-cv-00172-RAJ

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

51455629.1

# VERIFICATION

STATE OF WASHINGTON  )
COUNTY OF KING  )

Personally before me, the undersigned authority, came and appeared Steven W. Block, who being by me first duly sworn, did depose and say:

That he is a member of the firm of Foster Pepper, PLLC attorneys of record- for ING Bank N.V., that he has read the ING Bank N.V.'s Verified Answer to Complaint filed on behalf of said party and knows the contents thereof, that the same are true and correct except those allegations made on information and belief, and those he verily believes to be true, that the source of his information and the grounds of his belief are documents and information supplied to him by ING Bank N.V. and/or its authorized representatives; the reason this affidavit is made by him and not by ING Bank N.V. is that said party is a foreign corporate entity, none of whose officers are present within the Western District of Washington; and that he is duly authorized to make this Verification.

Steven W. Block

Sworn to and subscribed before me this The 2nd day of July, 2015.



Notary Public, State of Washington
My Commission expires 4/20/17

VERIFIED ANSWER OF ING BANK N.V. TO COMPLAINT - 11
Case No. 15-cv-00172-RAJ

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

51455629.1

CERTIFICATE OF SERVICE

I hereby certify service that on July 2, 2015, I electronically filed the preceding document with the Clerk of the Court using the CM/ECF system which will send notification to the counsel of record in this case:

J. Stephen Simms
Simms Showers LLP
201 International Circle, Suite 250
Hunt Valley, MD 21030
E-mail: jssimms@simmsshowers.com
Attorney Pro Hac Vice for Plaintiff Aegean Maritime Petroleum S.A.

Jeremy Jones
Christopher W. Nicoll
Nicoll Black & Feig PLLC
1325 Fourth Ave., Suite 1650
Seattle, WA 98101
E-mail: jjones@nicollblack.com
E-mail: cnicoll@nicollblack.com
Attorneys for Plaintiff Aegean Maritime Petroleum S.A.

David R. Boyajian
Schwabe Williamson & Wyatt (OR)
1211 S.W. Fifth Ave., Suite 1900
Portland, OR 97204
E-mail: dboyajian@schwabe.com
Attorneys for Defendants Canpotex Shipping Services Ltd. and Indy Maritime SA, and Gourdomichalis Maritime SA

Colin Jeffrey Folawn
Schwabe Williamson & Wyatt (SEA)
1420 5th Ave., Suite 3400
Seattle, WA 98101-2339
E-mail: cfolawn@schwabe.com
Attorneys for Defendant Canpotex Shipping Services Ltd. and Indy Maritime SA, and Gourdomichalis Maritime SA

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated July 2, 2015.

s/ Steven W. Block
Steven W. Block

VERIFIED ANSWER OF ING BANK N.V. TO
COMPLAINT - 12
Case No. 15-cv-00172-RAJ

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51455629.1